UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-391 |
| MICHAEL MINOR | SECTION "K"(5) |

## ORDER AND REASONS

Before the Court is Michael Minor's Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255. (R. Doc. 713). Having reviewed the entirety of the record, the pleadings, memoranda, and relevant law, the Court DENIES the motion for the reasons assigned.

I.     BACKGROUND

On February 22, 2010, Michael Minor ("Minor") was indicted in a superseding indictment with conspiracy to distribute and possession with intent to distribute one kilogram or more of a substance containing heroin and 500 grams or more of a substance containing cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. Superseding Indictment, R. Doc. 52. On June 4, 2010, the government filed a Superseding Bill of Information removing the cocaine hydrochloride charge. Superseding Information, R. Doc. 160. On June 9, 2010, Minor executed a plea agreement and pled guilty to the one-count superseding bill of information and a bill of information establishing a prior felony drug conviction in open court. Minute Entry, R. Doc. 166. In his plea agreement, the government agreed not to charge Minor with two prior felony drug convictions, which would have subjected him to a mandatory sentence of life in prison. Plea Agreement, R. Doc. 170.

A Pre-Sentence Investigation Report ("PSR") prepared on November 12, 2010 noted that Minor had been shot in the head in 2009 and that he stated that he had suffered from short-term memory loss and seizures as a result of the injury. Minor underwent mental health counseling at Louisiana State University Medical Center and received medication for the seizures. However, he could not recall how many seizures he had since the shooting, and at the time of the writing of the PSR, Minor had discontinued counseling sessions and medication for the seizures and had not experienced seizures since he discontinued the sessions. PSR, R. Doc. 474, ¶ 169.

On March 10, 2011, Minor wrote a letter to the Court requesting new counsel.[1] On March 11, 2011, the Court construed the letter as a motion for appointment of counsel and granted Minor's request. R. Doc. 387. Minor then wrote several letters to the Court complaining about issues relating to his potential sentence.[2] On June 21, 2011, Minor was sentenced to 240 months imprisonment as to the one-count superseding bill of information, ten years supervised release, and a special assessment of $100. Minor did not seek direct appeal. Minor then filed the instant motion to vacate. R. Doc. 704.

In his Section 2255 motion, Minor argues that he had diminished mental capacity at the time of the plea agreement based on a head injury he sustained prior to indictment for drug trafficking. Minor states that he was shot in the left rear side of his head, fracturing his skull, and requiring the removal of a portion of his skull and brain tissue. R. Doc. 713, 3. As a result, he claims that he suffered from a diminished mental capacity with short term memory loss and

---

[1] R. Doc. 386 ("I feel that there is grounds in my case, that show plain error and my lawyer . . . don't know what he is doing. I'm facing 20 years to life.").
[2] R. Doc. 434. Minor complains primarily of the fact that he believed he was to receive career offender status before signing his plea agreement. Minor stated: "It saids [sic] in the federal sentencing Guidelines Handbook with two prior felony convictions to be counted for Career Offender purposes, the defendant must have been incarcerated on the prior conviction within fifteen years before the present offense. . . .I have a plea agreement so I don't get career but I wasn't suppose [sic] to get career at all." It thus appears that the misunderstanding regarding his potential sentence stems from the fact that Minor confused the statutory provisions of 18 U.S.C. § 841 with the career offender guidelines in the Federal Sentencing Guidelines.

seizures. R. Doc. 713, 3. Minor requests that his sentence be vacated, alleging first that, "[d]ue to mental and emotional pressures, Movant was unable to weigh his options regarding the entry of a plea, because movant was shot in the head and underwent surgery to repair his skull, prior to being arrested for the present charge." R. Doc. 713, 5. Minor also alleges that his attorney "rendered the guilty plea involuntary because his attorney coerce [sic] him into pleading guilty and not saying nothing [sic] at sentencing." R. Doc. 713, 8. Having been represented by two different attorneys, Minor alleges that his counsel were ineffective for the following reasons: (1) that counsel at sentencing and rearraignment was ineffective for not bringing "to the court's attention his client's serious head injury which may have affected his mental capacity"; (2) that counsel at rearraignment was ineffective for allowing his client to plead guilty "without an inquiry into whether or not, due to the head injury, the plea could have been knowingly, intelligently, and voluntarily rendered"; and (3) that counsel, prior to sentencing, "should have petitioned the court to have his client given a Mental Examination." R. Doc. 713, 5, 10. In addition to the relief regarding his sentence, Minor also requests that the Court grant him a medical examination:

> Movant ask [sic] the court to secured [sic] Movant medical records and submit Movant for an MRI and an electroencephalogram ("EEG"), neurological tests which will conform [sic] that Movant has had a traumatic injury to his left parietal lobe, which will suggest interference of brain functioning in a critical part of the brain, the left side of the brain primarily controls right-sided body function, as well as comprehension, arithmetic, executive planning, and fluency.

R. Doc. 713, 4. In essence, Minor's request hinges on his allegation of mental incompetence and his counsels' effectiveness in light of his perceived lack of competence.

The United States opposed Minor's Section 2255 motion. In its response, the United States Government contends that: (1) Minor was not mentally incompetent at the time he entered

his plea; (2) Minor knowingly and voluntarily waived his right to post-conviction relief, effectively barring his current challenge; and (3) Minor's counsel were effective at rearraignment and sentencing. Govt. Response, R. Doc. 731.

## II. LAW AND ANALYSIS

A federal prisoner may move to vacate, set aside, or correct his sentence based on four cognizable grounds: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996). These grounds are those "narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992). Under the Rules Governing Section 2255 Proceedings Rule 4(b), "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." However, if the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). After reviewing the motion, exhibits, record, the government's answer, and any supplementary materials provided by the parties, the court must determine if an evidentiary hearing is warranted. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) ("If the record is clearly adequate

to dispose of the allegations, the court need inquire no further."). The prisoner must establish his claims by a preponderance of the evidence. *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980).

### A. Claim of Incompetency

Minor argues that his mental condition due to his head injury prevented him from understanding or comprehending the court proceedings and his entry of a guilty plea. Minor states that though he "may have [had] a factual awareness of the court proceedings [Minor] lacks a rational understanding of the Court proceedings" as a result of his "diminished mental capacity." R. Doc. 713, 4. Further, he claims that he was "unable to weigh his options regarding the entry of a plea, because movant was shot in the head and underwent surgery to repair his skull, prior to being arrested for the present charge." R. Doc. 713, 5. In essence, Minor alleges that he was not competent at the time he entered his plea, which the Government refutes in its opposition. Minor does not allege that he was denied procedural due process based on the lack of a competency hearing but instead makes a collateral attack on the guilty plea claiming it is invalid because he was incompetent in fact. *Bouchillon v. Collins,* 907 F.2d 589, 592 n.4 (5th Cir.1990).

Constitutional due process mandates that an accused person may only be convicted while legally competent. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966); *Lokos v. Capps,* 625 F.2d 1258, 1261 (5th Cir. 1980). "This constitutional right cannot be waived by the incompetent—guilty plea or otherwise": it is contradictory to argue that a defendant can knowingly and intelligently waive his rights while incompetent. *Bouchillon,* 907 F.2d at 592 (citations omitted). The competency standard for pleading guilty is same as at that at trial. *Malinauskus v. United States*, 505 F.2d 649, 465 (5th Cir. 1974). The test for determining

5

competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings." *Dusky v. United States,* 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960); *see Washington v. Johnson,* 90 F.3d 945, 949-50 (5th Cir. 1996); *Bouchillon,* 907 F.2d at 592. A court must, however, *sua sponte* conduct an inquiry into a defendant's mental capacity if the evidence raises a bona fide doubt as to the defendant's competency at that time. *Lokos v. Capps,* 625 F.2d 1258, 1261 (5th Cir. 1980).

Where a petitioner collaterally attacks his guilty plea in a § 2255 motion based on incompetency in fact, the court may deny the motion without a competency hearing if the petitioner or defendant fails to demonstrate "conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to [] relief under § 2255." *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1006, 112 L.Ed.2d 1088 (1991). Mere conclusory allegations that petitioner is incompetent to plead without setting forth specific facts in support thereof are inadequate to justify granting relief under § 2255 or require a hearing.[3] Moreover, "'[w]here the defendant's testimony evidenced his lucidity and competence, and there is a clear inference from the records that the defendant was fully competent,' the district may deny § 2255 relief without conducting a hearing." *United States v. Olsen*, 49 F.3d 727 (5th Cir. 1995)(citing *Drummond,* 910 F.2d at 285).

Though Minor states that he suffered from a traumatic head injury that gave rise to mental issues, lack of mental competence is not a foregone conclusion: "[n]ot all people who

---

[3] *See Williams v. United States*, 367 F.2d 143 (5th Cir. 1966)("An allegation of a history of addiction, without more, is likewise a mere conclusion and is not a sufficient factual allegation to require a hearing."); *United States v. Carter,* 1989 WL 18441 (E.D. La. Feb. 28, 1989) ("[W]hile making the conclusory statement that his heart condition rendered him incapable of entering a plea, Carter makes no attempt to support this conclusion with any type of medical records or statement as to the type of medication he might have been utilizing or any other objective facts pertinent to the inquiry").

have a mental problem are rendered by it legally incompetent." *Bouchillon* 907 F.2d at 593. Nothing in the record suggests that Minor could not consult with his attorney or that he did not understand what was happening during rearraignment; it is clear from the record that Minor was not only legally competent at the time he entered his plea, having both a factual understanding of the proceedings against him and a rational understanding as well.[4] The PSR indicates that Minor received mental health counseling after sustaining his injury and at that time was given medication to control seizures caused by the shooting; however, Minor reported that, at the time the PSR was written, that he was not currently undergoing counseling, had not experienced any seizures since his treatment in 2009, and was not currently taking any prescription medication. PSR, R. Doc. 474, ¶ 169[5]. At rearraignment, Minor testified that he was not under the care of a physician, that he was not taking any medication nor under the influence of any substance or medication at that time, and that he understood the nature of the proceedings against him. Rearr. Trans. 5-7. His counsel at rearraignment also stated that he had no doubts as to Minor's competence. Rearr. Trans. 7. The Court thus found Minor to be competent to plead at rearraignment. Rearr. Trans. 7.

---

[4] *See Olsen*, 49 F.3d 727 (finding that sworn testimony and demeanor during the plea colloquy and lack of third party evidence supporting mental illness refuted allegations of incompetence); *Drummond*, 910 F.2d at 285 (record evidence including transcripts of the plea proceedings and the trial showed defendant was alert, coherent, and fully competent to plead and to stand trial); *Barela-Laso v. United States*, 2012 WL 3929347 (W.D. Tex. Sept. 6, 2012) (record evidence did not demonstrate that petitioner was incompetent despite minimal education); *Furet v. United States*, 2011 WL 335100 *10 (S.D.Tex. Jan. 28, 2011) (record evidence showed that defendant communicated intelligibly and had presence of mind to correct counsel for the government's statement in court proceeding); *United States v. Hall*, 2010 WL 4723228 (E.D. La. Nov. 15, 2010)(petitioner's statement that petitioner was under the influence of drugs that hampered ability to reason was insufficient to present facts raising a doubt as to mental capacity and record supported conclusion that defendant was competent at rearraignment); *Alexander v. United States*, CIV.A. 2007 WL 7087578 (N.D. Tex. Oct. 22, 2007) (court records and petitioner's own arguments and factual statements presented in his motion demonstrate understanding of court proceedings and charges brought against him).
[5] *See United States v. Freeze*, 2006 WL 1897238 (S.D. Tex. July 7, 2006) (finding the defendant competent based on the facts that the PSR indicated that prior mental health evaluations found the defendant to be stable, that the defendant testified that he was competent to proceed at both rearraignment and sentencing, and that defendant's attorney agreed with defendant as to defendant's competency); *United States v. Roberson*, 3-00-CR-385-G, 2002 WL 1878356 (N.D. Tex. Aug. 12, 2002)(examining petitioner's claims of mental competence based on facts relayed in PSR).

At sentencing, Minor's counsel brought his mental health issue to the court's attention; however, like Minor's counsel at rearraignment, his new attorney stated that "[Minor is] very good at communicating and understanding" and that the attorney had "no issues about that, whatsoever."[6] In response to the Court's inquiry as to whether Minor had any objection to the facts as stated in the PSR, specifically as to those facts reflecting the circumstances of Minor's injury and mental health, Minor's counsel indicated that Minor had no objection. Sent. Trans. 8. Moreover, the issues Minor raised regarding the calculation of his sentence based on career offender status reveal that he actively understood and engaged in his own defense.[7] Minor's counsel at sentencing stated that he provided Minor with case law relevant to the issue and had "multiple" and "extended discussions" with Minor on the issue and that, despite his concerns, Minor did not wish to withdraw his plea. Sent. Trans. 6.

In addition to Minor's coherent responses in court proceedings, his motions and letters to the Court demonstrate that he understood the proceedings.[8] Thus, the inference from the record reflects the fact that Minor was competent at the time he entered his plea and no evidentiary hearing is necessary on this point.

### B. Claims of Ineffective Assistance of Counsel

Minor asserts that his counsel was ineffective because his counsel did not investigate whether he was competent to plead before rearraignment or bring his injury to the Court's attention at rearraignment, and that his counsel at sentencing was ineffective for failing to inquire

---

[6] Sent. Trans. 8-9; 12.
[7] Sent. Trans. 5 ("THE DEFENDANT MICHAEL MINOR: I was told by my – I was told by my old lawyer that I was looking at a career offender, but based on my plea agreement, it helped me get my sentence down to 20 years to life. But I was on probation on my prior convictions and I never served time, and they say in the law book to be counted for a career offender, you've got to be incarcerated on your prior convictions. And my probation – my probation was never revoked.").
[8] *See, e.g.*, R. Doc. 434 (letter to Court).

whether he would have received a reduced sentence based on his mental incompetency. *See* R. Doc. 713, 3-4.

A defendant's section 2255 motion alleging claims of ineffective assistance of counsel may be barred where the defendant validly waived his right to post-conviction relief. A defendant may waive his statutory right to appeal or to post-conviction relief as a part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). When a prisoner waives his right to post-conviction relief, if the waiver is "informed and voluntary" it is an "effective bar to such relief." *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994). However, the Fifth Circuit recognizes an exception to this bar, and an ineffective assistance of counsel claim may survive the waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

To be "informed" or "knowing," the defendant must "know that he had a right to appeal his sentence and that he was giving up that right," *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal citation and quotation marks omitted); in other words, the defendant must have a "full understanding of what the plea connotes and of its consequences," *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (internal citations and quotations omitted). Yet the defendant "need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *Hernandez*, 234 F.3d at 255. Specifically, the consequences of the guilty plea, with respect to sentencing, "mean only that the defendant must know the maximum prison term and fine for the offense charged. . . . [to be] fully aware of his plea's consequences." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)(internal citation and quotation marks omitted). To be "voluntary," the plea must not be induced by "actual or threatened physical harm" or "mental coercion overbearing the will

9

of the defendant or state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (internal citations omitted).

Nevertheless, a defendant's waiver of appeal in a plea agreement "may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered *that waiver* unknowing or involuntary." *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (emphasis in original). If the plea and waiver were knowing and voluntary and the issue challenged on appeal is properly subject to waiver, however, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

To prove a claim for ineffective assistance of counsel, the petitioner must demonstrate under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984): (1) that his counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) that his counsel's deficient performance prejudiced his defense. The errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. *Strickland*, 104 S.Ct. at 2069.

As to the first prong of the *Strickland* test, the proper standard for evaluating an attorney's performance is that of "reasonably effective assistance" considering the totality of the circumstances and the prevailing professional norms. *Id.* That is, the "Sixth Amendment requires counsel to conduct a reasonably thorough, independent inquiry into the defenses that might be offered in mitigation of punishment." *Ladd v. Cockrell*, 311 F.3d 349, 358 (5th Cir. 2002). However, the court's review of counsel's performance is deferential, and the court "must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. 668, 688, 104 S.Ct. 2052 at 2065.

As to the second prong of the *Strickland* test, to establish prejudicial error the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In guilty plea cases, to establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Minor argues that his counsel did not investigate his mental condition and any affects his injury had on his competence to plead and that his counsel did not alert the Court to Minor's mental issues at rearraignment. Counsel has a duty to make a reasonable investigation of a defendant's case and to make a reasonable decision that an investigation is necessary. *Strickland*, 466 U.S. at 691. The Fifth Circuit has held that where a defendant had a clinically recognized mental disorder that implicated the defendant's only defense and defendant's counsel had reason to believe an investigation was warranted, the decision not to pursue an insanity defense was not a tactical decision and constituted ineffective assistance. *Bouchillon*, 907 F.2d at 595. However, "*Bouchillon* does not articulate a *per se* rule that an attorney who fails to investigate the possibility of mental defects or organic brain damage fails the first *Strickland* prong." *Simmons v. Epps*, 381 F. App'x 339, 349 (5th Cir. 2010). The Fifth Circuit limited the holding in *Bouchillon* to the particular facts of the case noting that, as to the duty to investigate, counsel cannot depend on "his or her own evaluation of someone's sanity *once he has a reason to believe*

*an investigation is warranted* because, where such a condition exists, the defendant's attorney is the sole hope that it will be brought to the attention of the court." *Id.* at 596.

To support a claim of inadequate investigation, the petitioner must specify want additional investigation would be required and why the additional evidence would have persuaded the defendant not to enter the plea of guilty. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir.2005). Absence of factual information supporting the petitioner's claim may preclude any conclusion that counsel's decision was unreasonable.[9] Conclusory allegations that counsel's representation was ineffective because of the failure to investigate are insufficient. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir.1994).

As discussed above, Minor's attorney at rearraignment was satisfied that Minor competent. Minor testified to his own health status at rearraignment, and the Court found him competent to plead. Although Minor's PSR indicates his history of brain injury and mental issues relating to the injury, it does not demonstrate that Minor was mentally incompetent at the time of entering his plea.[10] Again, Minor does not state how his attorney should have raised his mental health issue at rearraignment or what purpose informing the Court of his injury would have been accomplished. It is well-settled that the failure to make a frivolous objection cannot constitute ineffective assistance of counsel. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir.2000). Thus, there is not sufficient evidence to conclude that a reasonable attorney would have conducted further investigation into his mental health history (including ordering a mental health evaluation) or that a reasonable attorney would have raised the issue during rearraignment.

---

[9] *See United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994); *Black v. Collins*, 962 F.2d 364, 404 (5th Cir. 1992); *Furet v. United States,* 2011 WL 335100 at *9 (S.D.Tex. Jan. 28, 2011).
[10] *See Boston v. United States,* 2008 WL 2704314 (W.D. Tex. July 8, 2008).

Moreover, Minor cannot show that he was prejudiced by the entry of this plea. Without the plea, Minor would have been subject to a mandatory life sentence, but his plea agreement reduced his sentence to twenty years. Most importantly, at sentencing, Minor chose to inform the Court of his mental history—although it was already known through the information in the PSR—and still declined to withdraw his plea. Indeed, his desire to maintain his plea remains constant, as he expressed in his instant motion.[11] Finally, the Court and the judicial system generally has "a great interest in maintaining the finality of guilty pleas." *Theriot*, 18 F.3d at 314. "The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates . . . could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one." *Premo v. Moore*, 131 S. Ct. 733, 742, 178 L. Ed. 2d 649 (2011).

Minor makes a brief allegation that "his attorney coerce him into pleading guilty and not saying nothing at sentencing," in his motion. R. Doc. 713, 8. Yet the record reflects quite the opposite. The Court asked Minor if anyone had made any promises to him that persuaded him to plead guilty other than what was outlined in the plea agreement, to which he responded that they had not, and whether, prior to accepting the plea, Minor was pleading guilty voluntarily and of his own free will, to which he answered that he was. Rearr. Trans., 14, 26. Far from coercion, Minor consulted with his attorney extensively before accepting the plea agreement as he acknowledged in his own letter to the Court.[12] Minor's "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 41 U.S. 63, 74 (1977), and Minor has not demonstrated that his will was overborne by his attorney at rearraignment when he

---

[11] "Movant 28 U.S.C. § 2255 post-conviction challenge is not a breach of movant plea agreement . . . movant ask that the court does not dissolved [sic] the movant plea agreement. . ." (R. Doc. 713, 11).
[12] *See* R. Doc. 434-1. Minor states that his lawyer got him "back to the round table" several times to discuss his pending charges before his counsel advised accepting the plea agreement.

entered his plea. Nor was his will overborne when he voluntarily waived his rights to appeal and post-conviction relief. In reviewing the transcripts of the rearraignment and sentencing, it is apparent that Minor was also informed of the consequences of his plea. As the transcript of the rearraignment reflects, Minor was informed of the rights he was waiving by pleading guilty[13] and of the maximum prison term and fine applicable to him, and Minor was asked whether he understood the rights he was waiving. Rearr. Trans. 5-8. Thus, Minor entered a valid waiver and has not shown that his counsel's assistance affected the validity of that waiver.

### III. CONCLUSION

In conclusion, Minor has failed to show that either counsel was ineffective or that any deficient performance affected the validity of the plea or waiver of post-conviction relief. Because Minor has failed to present any evidence entitling him to relief, no evidentiary hearing or any competency hearing or evaluation is warranted under these facts and no appointment of counsel is necessary as to this section 2255 motion, as Minor had requested.[14] Accordingly,

**IT IS ORDERED** that Minor's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (R. Doc. 713) is **DENIED.**

New Orleans, Louisiana, this 26th day of August, 2014.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**

---

[13] Minor was informed that he would be entitled to a speedy trial before a jury and that all 12 jurors would have to agree on his guilt before being found guilty; that the government would have to prove his guilt at trial beyond a reasonable doubt and that he could confront witnesses and also compel their attendance; that if found guilty, he has a right to appeal, which he would be waiving via the plea agreement. *See* Rearr. Trans., 10-14.

[14] Though Minor requested counsel for assistance in presenting his Section 2255 motion, when an evidentiary hearing is not required, the appointment of counsel on a Section 2255 petition lies within the discretion of the court. *See United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993).